**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1888
_____

IN RE:  YOUNES KABBAJ,
                                                   Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. Nos. 10-cv-00431, 12-cv-01322, 13-cv-01522, 14-cv-00780,
14-cv-00982, and 14-cv-01001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 14, 2015
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 18, 2015)
_____

OPINION*
_____

PER CURIAM

     Younes Kabbaj has filed a petition for a writ of mandamus and/or prohibition.  He

seeks to have us order Judge Richard G. Andrews and Magistrate Judge Mary Pat Thynge

to recuse themselves from any involvement in Kabbaj's numerous cases, and to have us

order the District Court to vacate a consent order entered April 24, 2012, in Civil Case

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

No. 10-cv-00431 in the District of Delaware ("Consent Order"), Docket number 54.[1]

Because mandamus is a drastic remedy that is granted in only extraordinary cases, In re

Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), and this is not such a

case, we will deny the petition.

I.

A mandamus petition is a proper means of challenging a district judge's refusal to

recuse pursuant to 28 U.S.C. § 455. See In re Sch. Asbestos Litig., 977 F.2d 764, 778 (3d

Cir. 1992).[2] We review a decision not to recuse for abuse of discretion. See In re

Kensington Int'l Ltd., 368 F.3d 289, 300-01 & n.12 (3d Cir. 2004). In order to warrant

recusal, the movant must establish that the judge would appear to be biased to "a

reasonable person, with knowledge of all the facts." United States v. Wecht, 484 F.3d

194, 213 (3d Cir. 2007).

Kabbaj contends that Judge Andrews and Magistrate Judge Thynge are biased

against him. In support of his claim that they should recuse, Kabbaj cites several reasons:

(1) legal rulings against him by both judges evidence bias, (2) both judges are beholden

to the "Homosexual lobby" and "Homosexual religion," (3) Judge Andrews' holdings in

---

[1] Although Kabbaj has filed a number of cases in the District Court, any docket numbers in this opinion refer to the numbers assigned in D. Del. Civ. No. 10-cv-00431.

[2] Kabbaj also sought recusal under 28 U.S.C. § 144. Since, as a general rule, mandamus will not lie to review the denial of a motion filed under § 144, see In re Sch. Asbestos Litig., 977 F.2d at 774-76, we will consider only whether refusal to recuse under § 455 was proper here.

Viacom, Inc., and his former law clerk's current employment both have the appearance of impropriety, and (4) Judge Andrews' characterization of some of Kabbaj's statements as threats aimed at the judge evidence bias against Kabbaj. We hold that Judges Andrews and Thynge did not abuse their discretion by determining that no reasonable person would view them as biased against Kabbaj.

First, "[w]e have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Second, a recusal motion must be based on "objective facts," not mere "possibilities" and "unsubstantiated allegations." United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989). Kabbaj's allegations are not such that a reasonable person would believe that the judges are biased in favor of homosexual litigants or attorneys.[3]

Third, Kabbaj's allegation that Judge Andrews' holdings in Viacom, Inc. present an appearance of impropriety is completely baseless, as Viacom is not a party to any of Kabbaj's suits at issue here. Similarly, his allegation that Judge Andrews' former law clerk was given a job at a law firm as a quid pro quo for her work on Kabbaj's case is

---

[3] For example, he alleges, in part, that this bias is evidenced by Magistrate Judge Thynge's display of a "gay pride flag" in her chambers. In her opinion denying the motion for recusal, Judge Thynge explained that she does not display a gay pride flag in chambers, but that she does have a colorful afghan made by her aunt. Dkt. #81 at 7. Kabbaj also claims that because U.S. Senator Chris Coons (who he claims recommended Judge Andrews' appointment) delivered a sermon at a same-sex union and was expected to speak at the 17th Annual Delaware Pride Festival, Judge Andrews must be a member of the "Homosexual lobby." His attenuated allegations do not support a claim of bias.

baseless—Judge Andrews noted in his opinion denying the recusal motion that his former clerk did not work on Kabbaj's cases and that in any event, the law firm that hired her had no connection with Kabbaj's cases. Dkt. #77 at 7-8.

Finally, Kabbaj claims that Judge Andrews falsely accused him of threatening the judge, and that Judge Andrews had the U.S. Marshals investigate him. Kabbaj alleges that Judge Andrews thus could not be unbiased in his dealings with him. Judge Andrews explains that he mentioned in an opinion that Kabbaj had made "threats of violence," but that he did not state that Kabbaj had made threats against *him*. But even if Judge Andrews had perceived that Kabbaj had made a threat against him, it would not require automatic recusal. See United States v. Spangle, 626 F.3d 488, 496 (9th Cir. 2010) (recusal warranted if reasonable third-party observer would perceive significant risk that judge will be influenced by threat). We conclude that Judges Andrews and Thynge did not abuse their discretion in denying Kabbaj's motions for recusal.

II.

Kabbaj also seeks to have us order the District Court to vacate the Consent Order, or to have us order the District Court to refrain from attempting to enforce the Consent Order. To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Kabbaj had the opportunity to challenge the Consent Order by filing a proper and timely notice of appeal from the District Court's entry of a final order. As a

4

result, Kabbaj cannot make the required showing that he has no other adequate means to attain the desired relief.

For the foregoing reasons, we will deny Kabbaj's petition.